BLACK *v.* SIMON.

1. EVIDENCE—FILING OF BILL OF SALE.

The fact that the vendee in a bill of sale placed the same on file in the office of the township clerk may be considered on the question whether it was given as security or as an absolute sale. *Wessels* v. *Beeman,* 87 Mich. 481, followed.

2. SAME—INVENTORY—HEARSAY.

An inventory based in part on information received by the one making it from other persons is inadmissible in evidence.

Error to Cheboygan; Adams, J. Submitted January 26, 1898. Decided March 22, 1898.

Trespass *de bonis* by Robert Black and others against Samuel Simon and another. From a judgment for plaintiffs, defendants bring error. Reversed.

*Frost & Sprague,* for appellants.

*J. L. Stoddard,* for appellees.

MONTGOMERY, J. Plaintiffs compose a copartnership known as the "Maltby Lumber Company." In November, 1895, Rorabeck & Moore gave a bill of sale of seven horses, which were used by them in lumbering operations, to the Guelph Patent Cask Company. Subsequently they gave another bill of sale covering the balance of their camp equipage. After the date of these bills of sale, the last company executed bills of sale to its superintendent, Fred Start. About the 1st of February, 1896, an agreement was made between Start and the Maltby Lumber Company, by which Start sold to the Maltby Lumber Company the property covered by the bills of sale, on the agreement that the Maltby Lumber Company would pay the men engaged in the lumbering operations, and would turn over to Start or the cask company, for which he was

acting, certain logs, amounting in value to $812. This purchase by the Maltby Lumber Company was made in the first instance with the full assent of Rorabeck & Moore. There is a conflict in the testimony as to whether the Maltby Lumber Company understood, at the time, that the bills of sale were absolute or were given as security for advances, but, as to the assent of Rorabeck & Moore to the transaction, there is no dispute whatever, although there is testimony that after Maltby took charge of the camp, and accepted and paid orders of the foreman to the amount of $973.40, Rorabeck protested to Start about carrying out the agreement by executing a bill of sale. The theory of the plaintiffs was that they were given an absolute title to the property through these conveyances. The defendants, who claimed through a subsequent bill of sale from Rorabeck & Moore, claimed that the bills of sale to the cask company were given as security, and that only about $50 remained due on them, and that this was tendered to plaintiffs by defendants. The plaintiffs' testimony tended to show a much larger lien, even if the instruments were to be treated as security.

A large number of assignments of error appear in the record, but we do not deem it necessary to consider them at length. One, however, merits attention. It appears in evidence that the cask company, under whom plaintiffs claim, caused the bills of sale to be filed in the office of the township clerk. The circuit judge charged the jury as follows:

"Something has been said about the fact of the bills of sale to the Guelph Patent Cask Company and to Mr. Start being placed on file in the town clerk's office, and, as I understand it, it is claimed the placing of those bills on file is evidence that they were intended as security. It is true that it is not necessary to file a bill of sale that is not intended as security, but I charge you that the fact of filing such bills of sale would be no evidence, one way or the other, as to whether or not the bill of sale was intended as an absolute sale, or was intended as security, as claimed by the defendants."

This instruction conflicts with the holding of the court in *Wessels* v. *Beeman,* 87 Mich. 481, and must be held erroneous.   It is contended that this error was harmless, for the reason that the plaintiffs were entitled, in any view of the case, to recover more than the amount found by the jury.   We are not, however, able to say this with such certainty as to cure the error, particularly as the entire testimony is not included, the certificate being that the record contains the substance of all the testimony deemed by the circuit judge material as bearing on the assignments of error.

We think the inventory made by witness Maltby, based in part on information received from others, should not have been received as evidence.

The other points relied upon are not likely to arise on a new trial.

Judgment reversed, and a new trial ordered.

The other Justices concurred.